**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR499 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| ANTONIO R. AZPEITIA, | ) ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 22). The government has adopted the PSR. (Filing No. 21.) *See* "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

### ¶¶ *37 and 38 - Allegedly Related Offenses*

The Defendant objects to a criminal history point being added for each of these offenses because he alleges that the prior offenses were related because they were part of a common scheme or plan. The Defendant relies on application note 3 to U.S.S.G. § 4A1.2(a)(2).

Even assuming that the offenses were a part of a common scheme or plan, application note 3 begins as follows: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." The note continues, explaining that "[o]therwise," offenses are considered related if, among other reasons they are part of a common scheme or plan. U.S.S.G. § 4A1.2 app. n. 3. The offenses in ¶¶ 37

and 38, which occurred eight months apart, were separated by an intervening arrest. The objection is denied.

### ¶¶ *42 and 43 - Allegedly Related Offenses*

The Defendant objects to two criminal history points being added for each of these offenses because he alleges that the prior offenses were related because they were part of a common scheme or plan. The Defendant relies on application note 3 to § 4A1.2(a)(2).

These offenses were separated by an intervening arrest. U.S.S.G. § 4A1.2 app. n. 3, which precludes their consideration as a common scheme or plan. The objection is denied.

### ¶ *24 - U.S.S.G. § 2K2.1(b)(3)(B)*

The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires that U.S.S.G. § 2K2.1(b)(3)(B) not apply to the calculation of the offense level. However, the PSR applies the guideline, resulting in a 2-level enhancement. The Court's tentative findings are that, absent unusual circumstances, the Defendant's objection is granted and the Rule 11(c)(1)(C) plea agreement should be upheld.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's objections (Filing No. 22) to the PSR are granted in part and denied in part as follows:

   a. The Defendant's objections to ¶¶ 37 and 38, and ¶¶ 42 and 43 are denied;

   b. Absent unusual circumstances, the Defendant's objections to ¶ 24 is granted and the Rule 11(c)(1)(C) plea agreement will be upheld;

2. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

3. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge